THE JEFFERSON SOUTHERN POND & DRAINING COMPANY *v.* E. J. FRISBEE ET AL.

**Taxation—Private Corporation Authorized by Law to Make Assessment— Superior Lien to Prior Incumbrance.**

The second section of the act gave to appellant a lien on the land assessed for the payment of the tax. This lien is not made to depend upon the manner in which the land may be held, and cannot be defeated because of the fact that the owner had incumbered his title by mortgage or otherwise prior to the assessment of the tax. The holder of the legal title and the equitable owner of the land are alike bound to submit to the payment of any tax constitutionally imposed, whether it be for the use and benefit of the commonwealth, or a public, or a mere private corporation.

### APPEAL FROM LOUISVILLE CHANCERY COURT.

June 22, 1871.

Opinion by Judge Lindsay:

No objection is taken to the claim of appellant on account of any doubts as to the constitutionality of the tax assessed (against the lands decreed to be sold) under the acts of the general assembly authorizing the assessment thereof by the Jefferson Southern Pond & Draining Company, hence the only question presented for adjudication is as to the priority of the liens held by the various creditors.

The second section of the act of March 9, 1868 (2 vol., Session Acts 1867-68), gives to the said Pond Draining Company "a lien on the land assessed for the payment of the tax."

This lien is not made to depend upon the manner in which the land may be held, and cannot be defeated because of the fact that the owner had encumbered his title by mortgage or otherwise prior to the assessment of the tax. The holder of the legal title and the equitable owner of the land are alike bound to submit to the payment of any tax, constitutionally imposed, whether it be for the use and benefit of the commonwealth or of a public or a mere private corporation.

The fact that the tax is assessed and collected through the agency of a corporation does not make it any the less the act of the state government than if it had been directly imposed by the legislature and its collection enforced in the same manner with the general revenues of the commonwealth.

The assessment, if constitutional, is a debt due to the state, to be collected and expended by the Pond Draining Company for the benefit of the local public affected thereby, consequently the company's lien on the lands taxed is superior to all others, whether prior or subsequently in date.

In so far as the judgment postpones the appellant to other creditors it is erroneous, and to that extent it is reversed.

The cause is remanded for the correction of said error and for other proper proceedings.

*Coke & Arbegast, for appellant.*

*Moore, for appellee.*